**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALAN DE ARMAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 3:26-cv-00134 |
| | ) | Judge Stephanie L. Haines |
| LEONARD ODDO, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**<u>MEMORANDUM OPINION</u>**

Alan De Armas ("Petitioner") is an immigration detainee currently held at the Moshannon Valley Processing Center in Phillipsburg, Pennsylvania. Proceeding pro se, Petitioner filed a Petition for Writ of Habeas Corpus, challenging the revocation of his supervised release and subsequent re-detention, the alleged unlawful designation of a new country of removal without due process, and that his re-detention has become unreasonably prolonged because his removal is not significantly likely in the foreseeable future. ECF No. 3. For the reasons that follow, the Petition will be **GRANTED**.

**I.    BACKGROUND**

Petitioner is a native and citizen of Cuba. ECF No. 10-1, p. 1. He entered the United States at an unknown date and location. *Id.* On June 11, 2009, he was paroled into the United States as a Cuban Public Interest alien. ECF No. 10-2, p. 2. On January 17, 2012, his status was adjusted to lawful permanent resident. *Id.* On November 21, 2013, he was convicted in Pennsylvania of possession of marijuana. ECF No. 10-1, p. 1. On May 31, 2017, he was convicted of manufacture, delivery, or possession with intent to manufacture or deliver, heroin, and sentenced to 10 to 23

1

months. *Id.* at p. 4; ECF No. 10-2, p. 2.

On September 29, 2018, a Notice to Appear was issued charging Petitioner's removability under section 237(a)(2)(B)(i) of the Immigration and Nationality Act ("INA") as an alien convicted of a controlled substance violation. ECF No. 10-1, p. 4. On October 18, 2018, he was ordered removed from the United States by an immigration judge ("IJ"). ECF No. 10-3. Petitioner waived appeal and the IJ's order became administratively final. *Id.* At the same time, Petitioner was detained pending removal. ECF No. 3, ¶ 18. Immigration and Customs Enforcement ("ICE") did not remove Petitioner during the period prescribed by law and on January 16, 2019, he was released pursuant to an order of supervision. ECF No. 10-4.

Nearly seven years later, on November 14, 2025, Petitioner was detained by ICE when he reported in accordance with the reporting requirements of his order of supervision. ECF No. 10-2, pp. 4-5. That same day, ICE served Petitioner with a Notice of Revocation of Release informing Petitioner that his order of supervision had been revoked. ECF No. 10-5, p. 1. The notice stated that the decision to detain Petitioner had been made "based on a review of [his] file and account of changed circumstances in [his] case. ICE has determined that there is a significant likelihood of removal in the reasonably foreseeable future in [his] case." *Id.* ICE also served Petitioner a notice that it intended to remove him to Mexico. *Id.* at p. 3. The record does not indicate that a prompt formal interview was ever conducted in which Petitioner could be afforded the opportunity to respond to the reasons for revocation of his supervision stated in the notification letter. Petitioner was, however, afforded a Third Country screening, where his testimony was found to be credible. *Id.* at pp. 4-5.

On February 2, 2026, Petitioner filed a pro se Petition for Writ of Habeas Corpus and Respondent opposed the petition, which has been fully briefed and is ready for disposition. ECF

Nos. 3, 10, 13.

## II. DISCUSSION

Petitioner principally argues that ICE lacked a lawful basis to revoke his supervised release and re-detain him because he did not violate any conditions of his supervision, his circumstances did not change, and his removal is not significantly likely to occur in the reasonably foreseeable future. ECF No. 3, ¶¶ 20, 33, 38; ECF No. 13, p. 3. He further argues that Respondent's recent identification of Mexico as the intended country of removal does not, by itself, make removal significantly likely to occur in the reasonably foreseeable future. ECF No. 13, p. 5. Petitioner also challenges ICE's authority to designate Mexico as the intended country of removal. *Id.* at p. 7-8. He argues that ICE may not unilaterally substitute Mexico as the country of removal without reopening proceedings before an immigration judge; accordingly, he contends that Respondent cannot rely on this new removal destination to justify his re-detention.

Respondent argues that Petitioner's re-detention challenge was premature because he had not yet been detained for six months when Respondents filed their opposition. ECF No. 10, p. 4. Respondent further argues that the Court lacks jurisdiction under *Tazu v. AG United States*, because Petitioner is making an impermissible challenge to the execution of his removal order. 935 F.3d 292 (3d Cir. 2020). The parties also dispute the applicable burden. Petitioner argues that this case is governed by the re-detention framework in § 241.13(i)(2), which permits revocation of supervised release only where, "on account of changed circumstances," ICE determines that removal has become significantly likely in the reasonably foreseeable future. Respondent rejects that framework and relies instead on *Zadvydas*, arguing that Petitioner bears the initial burden to show good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, after which Respondent must rebut that showing. ECF No. 10, p. 6-7. Thus, the

dispute is not merely about whether Petitioner has satisfied the ordinary *Zadvydas* standard, but whether, in a re-detention case, Respondent has a threshold obligation to identify changed circumstances justifying revocation of a prior supervised release.

### A. Jurisdiction.

Jurisdiction exists under 28 U.S.C. § 2241 "for statutory and constitutional challenges to post-removal-period-detention." *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001); *see also Roe v. Oddo*, No. 3:25-CV-128, 2025 WL 1892445, at *3-4 (W.D. Pa. July 9, 2025) (holding that 8 U.S.C. § 1252(g) did not strip the court of jurisdiction because it was not "reviewing Petitioner's removal order" but rather, "examining the contest of Petitioner's detention.") The Supreme Court has similarly explained that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . habeas corpus has been accepted as the specific instrument to obtain release from such confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 483-86 (1973). But habeas jurisdiction does not permit a district court to review the validity of the final removal order itself or to decide the ultimate question of whether a petitioner may remain in the United States. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 116-20 (2020).

In the Third Circuit, district court review of a re-detention challenge is barred where the "challenge is directly about removal" and seeks "to thwart removal itself." *Tazu v. AG United States*, 935 F.3d 292, 298-300 (3d Cir. 2020). The *Tazu* court explained "that a brief door-to-plane detention is integral to the act of 'execut[ing] [a] removal order[],'" and thus falls within the jurisdictional limitations of 8 U.S.C. §§ 1252(b)(9) and 1252(g). *Id.* at 298-99. But *Tazu* did not eliminate habeas jurisdiction over all detention claims merely because the petitioner is subject to a final order of removal. To the contrary, *Tazu* recognized that challenges to the length or legality of ongoing detention are different because prolonged detention may show that removal is not

reasonably foreseeable. *Id.* at 299.

Here, this case falls on the latter side of the line.[1] Petitioner does not ask this Court to vacate the final removal order, stay removal, select the country of removal, or supervise the mechanics of removal. Rather, he challenges the present legality of his continued detention after ICE revoked his supervised release and asserts that Respondent has not satisfied the statutory or regulatory prerequisites for re-detention. Accordingly, because the Court is not reviewing Petitioner's final order of removal, it has jurisdiction in this case to hear Petitioner's claim contesting his re-detention and the alleged violation of his due process rights.

**B. Petitioner's revocation of supervised release and re-detention.**

This case does not present the typical first round detainment of a noncitizen awaiting removal where *Zadvydas* is applicable. Petitioner's removal order became final in October 2018. After ICE did not remove him during the statutory removal period, Petitioner was released under an order of supervision in January 2019. Petitioner asserts that ICE has been unable to effectuate his removal since that time.

When a detained noncitizen under a final order of removal is released under an order of supervision, ICE may only re-detain that noncitizen "if, on account of changed circumstances, [ICE] determines that there is a significant likelihood that the [noncitizen] may be removed in the

---

[1] Respondents rely on this Court's prior application of *Tazu* in *Roe v. Oddo*, No. 3:25-cv-128, 2025 WL 3030692 (W.D. Pa. Oct. 30, 2025), and argue there is tension between *Roe* and this Court's later decision in *Pan v. Oddo*, No. 3:25-cv-265, 2025 WL 3701296 (W.D. Pa. Dec. 21, 2025). Respondents attempt to distinguish *Pan* based on the standard of review applied to the magistrate judge's Report and Recommendation, which was adopted by this Court. But that procedural distinction was not dispositive. The relevant distinction was that *Roe* addressed a challenge to ICE's revocation of an order of supervision as part of the process of executing a final order of removal, while the Report and Recommendation in *Pan* addressed the legality of continued post-final-order detention and whether the Gov't satisfied the regulatory predicates for continued custody. *See Roe*, 2025 WL 3030692, at *11-14; *see also Pan v. Oddo*, 2025 WL 3960013, at *2-3 (W.D. Pa. Dec. 1, 2025). When this Court has addressed continued post-final-order detention claims, it has treated them as cognizable in habeas. *See Pan*, 2025 WL 3701296; *see also Wu v. Lyons*, No. 3:25-cv-462, 2026 WL 1593233 (W.D. Pa. Apr. 2, 2026); *see also Chen v. Bondi*, No. 3:25-cv-428, 2026 WL 1593220 (W.D. Pa. Apr. 9, 2026). To the extent *Roe* could be read more broadly, the Court declines to extend it beyond the removal execution context addressed there.

reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2). Thus, "ICE's decision to re-detain a noncitizen like [Petitioner] who has been granted supervised release is governed by ICE's own regulation requiring (1) an individualized determination (2) by ICE that, (3) based on changed circumstances, (4) removal has become significantly likely in the reasonably foreseeable future." *Pan*, 2025 WL 3960013, at *2 (quoting *Kong v. United States*, 62 F.4th 608, 619-20 (1st Cir. 2023) (citing 8 C.F.R. § 241.13(i)(2))). Courts applying this framework have recognized that when ICE re-detains a noncitizen previously released from post-final-order custody based on alleged changed circumstances, the Government must identify the changed circumstances and show that removal has become significantly likely in the reasonably foreseeable future. *Id.* (collecting cases).

Here, in the Notice of Revocation of Release,[2] Respondent did not allege that Petitioner violated any conditions of release nor that he was a flight risk or danger to the community.[3] Instead, the notice stated only that ICE had reviewed Petitioner's file and made the conclusory determination that on "account of changed circumstances," removal was significantly likely in the reasonably foreseeable future. Aside from ICE's notice that it now intends to remove Petitioner to Mexico, Respondent identified no changed circumstances supporting re-detention. Nor have they provided any updated information in their habeas response to support any "changed circumstances" that would show there is a significant likelihood Petitioner will be removed in the reasonably foreseeable future. Respondent's request for leave to supplement the record only underscores the deficiency in the present record. Respondent stated in their response that, given

---

[2] Petitioner identifies a signature-authority defect that Respondent does not answer. ECF No. 13, p. 9. The revocation notice appears to be electronically signed by "JOHN E. RIFE" over the printed name of Acting Field Office Director Michael Rose. Respondent does not explain whether Mr. Rife, Mr. Rose, or some other official made the revocation decision, nor do they identify any written delegation authorizing the signatory to revoke Petitioner's release. This unexplained signature discrepancy and the absence of any identified delegation leave the Court unable to conclude that the revocation was issued by an official authorized to act under the governing regulations.

[3] Petitioner's previous release from ICE custody reflected a prior determination by the Government that he was neither a flight risk nor a danger to the community. *Chen v. Bondi*, No. 3:25-cv-428, ECF No. 18 at 10 (W.D. Pa. Mar. 11, 2026) (citing *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. July 24, 2025)).

the compressed filing deadline, they should be permitted to supplement the record if the Court disagreed with their arguments. ECF No. 10, p. 7. But more than two months have passed since that filing, and Respondent has submitted no supplemental evidence identifying the changed circumstances that allegedly justified revocation of Petitioner's release or showing that removal to Mexico is significantly likely in the reasonably foreseeable future. The Court therefore evaluates the Petition on the record before it. That record does not satisfy Section 241.13(i)(2).

The Court need not decide whether ICE was required to reopen immigration proceedings before identifying Mexico as the intended country of removal. Even assuming Respondent may pursue removal to Mexico without reopening proceedings, Respondent still must show that Petitioner's re-detention complied with Section 241.13(i)(2) and that removal to Mexico is significantly likely in the reasonably foreseeable future. They have not done so. Accordingly, the Court finds the Petition should be granted.

### C. Reasonable likelihood of removal.

The same result follows under *Zadvydas*. Under federal law, after a removal order becomes final, ICE has 90 days in which to remove a noncitizen from the United States and must detain the noncitizen during this period. *See* 8 U.S.C. §§ 1231(a)(1), (2)(A). After this period expires, however, continued detention is authorized only for so long as "removal is . . . reasonably foreseeable." *Zadvydas*, 533 U.S. at 699. Because "[i]ndefinite, [or] permanent, detention" would raise serious constitutional concerns, *Zadvydas* construed detention beyond the 90-day period as authorized only for so long as reasonably necessary to accomplish removal, and recognized six months as a presumptively reasonable period. *Id.* at 700-701. And while a noncitizen is not guaranteed release after six months, for detention to remain reasonable beyond this period, "there [must be] a significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701.

Critically, as the period of post-removal detention grows, what counts as the "'reasonably foreseeable future' conversely . . . shrink[s]." *Id.* To obtain release, the noncitizen bears the initial burden to provide good reason to believe that removal is not significantly likely in the reasonably foreseeable future. *Id.* If they make that showing, "the Government must respond with evidence sufficient to rebut" it. *Id.*

At the time he filed his Petition in this case, Petitioner had been in ICE custody for almost three months. In their habeas response, Respondent argued that Petitioner's claim was premature under *Zadvydas* as his detention was within the presumptively reasonable six-month period. At the time of this writing, however, Petitioner has now been detained for over six months, outside the "presumptively" reasonable period, and, thus, *Zadvydas* applies. Under *Zadvydas*, once a petitioner has provided "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden shifts to the Government to "respond with evidence sufficient to rebut that showing." 533 U.S. at 701.

Here, Petitioner has made such a showing: (1) he has no Mexican travel documents, (2) no consular interview has been conducted, and (3) no return flight has been scheduled. The Court finds this is sufficient to conclude that Petitioner has met his burden. The question then becomes whether Respondent has come forward with sufficient evidence to "rebut that showing." *Id.* The only evidence Respondent produced, however, is ICE's notice stating it intends to remove Petitioner to Mexico. The Court finds this insufficient to rebut Petitioner's showing because "[a] remote possibility of an eventual removal is not analogous to a significant likelihood that removal will occur in the reasonably foreseeable future." *Pan*, 2025 WL 3960013, at *4 (quoting *Escalante v. Noem*, No. 9:25-CV-00182-MJT, 2025 WL 2206113, at *4 (E.D. Tex. Aug. 2, 2025)). As it currently stands, the record before the Court is sparse as to whether there is a "significant

likelihood" that Petitioner will be removed to Mexico (or elsewhere) in the "reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Accordingly, the Court finds that Petitioner has articulated a "good reason to believe" that his removal is unlikely in the reasonably foreseeable future and Respondent has not rebutted that showing.

## III.    CONCLUSION

For the reasons set forth herein, the Petition will be **GRANTED**. An appropriate Order follows.

## ORDER

**AND NOW**, this 24th day of June, 2026, for the reasons stated in the Memorandum Opinion, it is hereby **ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 3, is **GRANTED** to the extent it seeks Petitioner be released from ICE detention.

2. Respondent shall immediately release Petitioner from ICE detention, subject to and in accordance with the conditions of his preexisting Order of Supervision.

3. The Motion for Immediate Release, ECF No. 7, is **DISMISSED** as moot.

4. With no further action required by the Court at this time, the Clerk of Court shall mark this matter closed.

*Stephanie L. Haines*
Stephanie L. Haines
United States District Judge

9